*John Rodman, for appellant.*

---

## R. J. Hays *v.* John Twyman.

**Principal and Surety—Release of Surety.**

Any enforcible agreement by which a creditor gives indulgence to the principal without the consent of the surety, releases the surety.

**Release of Surety by Action of Creditor.**

The act of the creditor in staying an execution which was a lien on the principal's property without the surety's consent releases the surety to the extent of the sum that could have been made out of such execution.

APPEAL FROM BARREN CIRCUIT COURT.

June 11, 1875.

OPINION BY JUDGE COFER:

That any enforcible agreement by which a creditor gives indulgence to the principal debtor without the consent of the surety, absolves the latter from any obligation to pay the debt, is too well settled to require either argument or the citation of authority; and it is equally clear that the discharge of the surety does not depend in any degree upon the question whether the indulgence given his principal in fact operated to his prejudice. It is sufficient that the action of the creditor has altered the terms of the sureties' obligation, by tying his own hands, if but for a single day, so that he cannot legally proceed to enforce payment.

The evidence in regard to the alleged motion is not entirely satisfactory; but we incline to the opinion that it preponderates against the appellant. Yates' testimony is strengthened by the admitted fact that he was a comparative stranger to appellant, which renders it not very probable that he gave him the pig without reference to the desired indulgence. Appellant knew that the appellee was only surety, and law and good conscience alike demanded that he should do no act prejudicial to appellee, and that the acceptance of the pig and the granting of indulgence at the same time, when considered in connection with the positive testimony of Yates that he gave and appellant accepted it in consideration of forbearance, must turn the scale against the latter.

But if we are mistaken in regard to the facts before referred to, we think the act of staying the execution clearly exonerated the appellee. The evidence shows that the greater part, if not all the debt, might have been made out of Yates. The execution had created an inchoate lien on all his property subject to execution, and that lien inured to the benefit of the appellee, but was lost by the act of the appellant; and to the extent that such lien was waived by the return, it is well settled that the surety is released.

It is true, as argued by counsel, that the sheriff might have levied upon the property of appellee and compelled him to pay the debt, and that he had a right to pay and take an assignment of the execution, and then cause it to be levied; but it is likewise true that the sheriff was not bound to levy on the property of the surety until he had exhausted the principal; and while it was appellee's duty

to pay the debt, it was the appellant's duty after the lien was created to let the sheriff go on, without interference on his part, to collect the debt.

The appellee was bound to risk the action of the sheriff, but he had a right to have that officer go forward to coerce payment and to take the chances that in doing so he would first levy on the property of the principal. If the sheriff had been permitted to go on, and had levied on the appellee's property, then it would have been his duty to pay the debt and take steps to secure himself, but until payment was about to be coerced from him, he might wait in confidence that the lien created on his principal's property would be preserved, and the execution levied on the property, or that he would be enabled to preserve it himself by paying the debt when he learned the execution would not otherwise be levied.

We think the weight of the evidence shows the whole debt could have been made out of Yates if the execution had not been stayed; and whatever uncertainty there may be on this subject must operate against the appellant, whose voluntary act has made the inquiry necessary.

It does not matter whether Yates is now solvent or insolvent. The release of appellee does not depend upon that question. The appellant had an incipient lien which has been lost by his own act, and the property on which the lien existed would most likely have paid the debt.

A creditor is bound to act toward a surety in the utmost good faith. The surety's obligation is purely legal, and ought not and cannot be increased to the slightest degree by the creditor without releasing the surety.

Judgment *affirmed.*

*J. S. Barlow, Jr., J. Ritter, for appellant.*
*Lewis McQuown, W. H. Botts, for appellee.*